Jim CHUCULATE, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–16140.

Court of Criminal Appeals of Oklahoma.

Sept. 7, 1971.

Gene F. Mowery, Stilwell, for plaintiff in error.

Larry Derryberry, Atty. Gen., Lloyd E. Cole, Jr., Asst. Dist. Atty., District #27, Sondra Leah Fogley, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Jim Chuculate, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Adair County for the offense of Escape. His punishment was fixed at one year imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, the parties stipulated that it would not be necessary to show that the defendant was actually confined in jail, awaiting pronouncement of judgment and sentence, on a Robbery conviction. The purpose of such stipulation was to avoid the jury's knowing that the defendant had been convicted of Robbery.

Sheriff Worley testified that he first discovered the defendant's absence from the Adair County Jail on the morning of June 28, 1969. The bars had been pried from the window of the cell in which the defendant and another prisoner had been confined. The defendant was apprehended three days later at a location in northern Sequoyah County, Oklahoma.

Cloyd Paden testified that he was the county jailer in June of 1969, and that he observed the defendant in his cell the evening of June 27. The following morning, he discovered that the bars had been pried from the cell window, and the defendant and his cell mate were missing.

The defendant did not testify, nor was any evidence offered in his behalf.

 The first proposition asserts that the trial court erred in making an improper comment concerning defendant's failure to testify. The Record reflects that at the

conclusion of the trial, the following transpired:

"THE COURT: The State rests.

"MR. MOWERY: The defense rests, your honor.

"THE COURT: *Well, an honest confession is good for ihe sole* [sic] *as far as I am concerned.* I anticipated that we probably wouldn't get through with the evidence until about the noon hour and then I would prepare, we'd take a few minutes and prepare the Instructions for you, but all parties have rested now and I'll have to do a little work on the Instructions so it is now about fifteen, twenty minutes to eleven and you take a recess until eleven o'clock, ladies and gentlemen, and be back here, and the same admonition I have given before. Just be at ease for about twenty minutes." (Tr. 51) (Emphasis Added.)

We are of the opinion that, considering the whole statement of the trial court, it is apparent that the court's remarks were referring to an admission on his part that he was not prepared to continue the trial at that time, rather than a comment upon defendant's failure to testify.

We further observe that defendant did not object to the court's remarks. We therefore find this proposition to be without merit.

■ The final proposition contends that the trial court erred in refusing defendant's Motion for Mis-Trial. This contention is based on the fact that after the jury had been impaneled and sworn, one juror arose and stated in open court: "I was on the jury that tried that boy last year." The juror was excused for cause, and another juror was selected. Although the Record does not contain the voir dire examination, it reflects the following:

"THE COURT: In reference to the motion for a mis-trial the Information in this case specifically charges, as it should charge, that at the time of the alleged escape the defendant was being held in the county jail of Adair County, Oklahoma, awaiting sentence upon a verdict of a jury who had found him guilty of the crime of robbery, and at the suggestion of the Court, and concurred in by the attorneys, we talked privately this morning before the beginning of the trial, that in the trial of this case, the escape charge, we would avoid letting the jury know that Mr. Chuculate, the defendant, was being held in jail for the crime of robbery, for which he had been convicted and was awaiting sentence. We thought that would not be proper to go before a jury and that's what we've tried to do up to now, to avoid any comment about the fact that he was in jail awaiting sentence for the crime of robbery. The challenges were exhausted and the twelve people had been selected for the jury, and they've been sworn, and then a Mr. Kendall spoke up and said, 'I was—'

"MR. MOWERY: 'I was on the jury panel last time.'

"MR. COLE: 'I was on the jury that tried that boy last year.'

"THE COURT: '—in his case,' or something. Didn't say anything about a conviction or acquittal or anything. He just said he was on the jury or jury panel that tried him last year. It caused no prejudice against him. We're going out of the way to protect him. If there is any more cloak or shroud or protection we can throw around him I don't know how to do it, and it's not any prejudice and the motion for mis-trial will be overruled and exceptions will be allowed." (Tr. 2–3)

We are of the opinion that the juror was properly excused for cause by the court. Title 22, O.S., § 653, provides as follows:

"It must be taken when the jury is full, and as soon as one person is removed by challenge, another must be put in his place, until the challenges are exhausted or waived. The court for good cause shown may permit a juror to be challenged after he is sworn to try the cause, *but not after the testimony has been partially heard.*" (Emphasis Added.)

We further observe that the evidence of defendant's guilt is overwhelming, and from the one year sentence imposed, we cannot conclude that the jury was prejudiced against the defendant. The judgment and sentence is accordingly affirmed.

BRETT and NIX, JJ., concur.