Antonio R. JUAREZ, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–18029.

Court of Criminal Appeals of Oklahoma.

April 3, 1973.

Cocke, Sullivan & Butler, Lawton, for appellant.

Larry Derryberry, Atty. Gen., Michael Cauthron, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Antonio R. Juarez, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Comanche County, Case No. CRM–72–1143, for the offense of Driving Under the Influence of Intoxicating Liquor. His punishment was fixed at ten (10) days in the County Jail and a fine of Fifty Dollars ($50.00). From said judgment and sentence, a timely appeal has been perfected to this Court.

The sole proposition asserts "that jeopardy had attached at the time the first jury was impaneled and sworn, and that for the trial court to grant the State of Oklahoma request to excuse juror Townsend after the in chambers hearing. Wherein juror Townsend stated he could be fair and impartial was error. That the calling of another juror and the subsequent swearing of the new panel placed the plaintiff in error in double jeopardy." The record reflects that after the jury was impaneled and sworn to try the cause but prior to the reception of the evidence, juror Townsend informed the court that he knew one of the witnesses in the case. The court conducted a hearing outside the presence of the jury and juror Townsend was examined by counsel for both the State and the defendant. Juror Townsend testified that the arresting officers in the instant case were the same officers that arrested him for Driving Left of Center and Resisting Arrest. That he was not guilty of either charge but "I just figured that I would pay the fine and that would be it." (Tr. 15) He testified that he could be a fair and impartial juror. He was asked the following question:

"[By Mr. Jacobs] Q. Now, in light of the fact that you were charged with DW—with resisting arrest, do you feel that you were not resisting arrest, and that it involved these two Troopers, would it cause you to disbelieve their testimony?

"A. *Not necessarily;* they have got a job to do, just like I do a job when I was Assistant Property Disposal Officer and knew Mr. Dowle as a contracting officer." (Emphasis added. Tr. 15)

At the close of the hearing the trial court excused the juror for cause over the objection of the defendant.

In dealing with a similar proposition in Chuculate v. State, Okl.Cr., 488 P.2d 1322, wherein after the jury had been sworn to try the cause, one juror arose and stated in open court, "I was on the jury that tried that boy last year." The juror was excused for cause and another juror selected. In upholding the trial court's ruling, we stated:

"We are of the opinion that the juror was properly excused for cause by the court. Title 22 O.S., § 653, provides as follows:

'It must be taken when the jury is full, and as soon as one person is removed by challenge, another must be put in his place, until the challenges are exhausted or waived. The court for good cause shown may permit a juror to be challenged after he is sworn to try the cause, *but not after the testimony has been partially heard.'* (Emphasis added.)"

In the instant case, the juror was dismissed prior to the introduction of any evidence on behalf of the State. We are of the opinion that the juror was properly excused for good cause considering his response that his prior encounter with the arresting officers would "not necessarily" cause him to disbelieve their testimony. The judgment and sentence is, accordingly,

Affirmed.

BLISS, P. J., and BRETT, J., concur.